```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
v.                                 )    Criminal Action
                                   )    No. 14-cr-10252-PBS
STEVEN CHARLES,                    )
                                   )
               Defendant.          )
_____)
```

**ORDER**

December 19, 2025

Saris, J.

Defendant Steven Charles moves to vacate his sentence under 28 U.S.C. § 2255 on the basis that his constitutional rights were violated when the Court, rather than a jury, determined that his predicate offenses were committed on separate occasions for purposes of the Armed Career Criminal Act ("ACCA"). The government opposes Charles's motion. After review of the parties' filings and the relevant portions of the record, the Court denies the motion.

On June 3, 2015, Charles pleaded guilty to one count of being a felon in possession of a firearm. The primary dispute at sentencing was whether Charles's prior convictions included the three predicate offenses necessary for classification as an armed career criminal under 18 U.S.C. § 924(e). The Court concluded that Charles was an armed career criminal based on three offenses: (1) a January 1997 conviction for possession with intent to distribute

1

heroin that occurred on June 28, 1996; (2) a January 1997 conviction on two counts of assault with a dangerous weapon that occurred on June 6, 1996; and (3) an April 1999 conviction on two counts of assault with a dangerous weapon that occurred on August 8, 1998. The Court imposed the resulting fifteen-year mandatory minimum prison term. The First Circuit affirmed the sentence in May 2017. Charles did not file a petition for certiorari with the Supreme Court, so his conviction became final in August 2017. See Kemp v. United States, 596 U.S. 528, 531 (2022) ("For someone who . . . does not petition th[e Supreme] Court for certiorari, a judgment becomes final when the time to seek certiorari expires -- ordinarily, 90 days after judgment.").

In June 2024, the Supreme Court decided Erlinger v. United States, holding that for the ACCA's fifteen-year mandatory minimum sentence to apply, the Fifth and Sixth Amendments require that a unanimous jury determine beyond a reasonable doubt that a defendant's predicate offenses were committed on separate occasions. See 602 U.S. 821, 834-35 (2024). Charles filed this § 2255 motion in February 2025, arguing that his classification as an armed career criminal violated the rule set forth in Erlinger. There is no dispute that Charles's sentencing did not comport with Erlinger because the Court, rather than a jury, made the determination that his predicate offenses occurred on different occasions. The government argues, however, that Charles cannot

2

secure relief based on Erlinger because that decision does not apply retroactively on collateral review.

The applicability of a new Supreme Court decision on collateral review turns on two factors. See Edwards v. Vannoy, 593 U.S. 255, 264-65 (2021). A court first must determine whether the decision "announce[d] a 'new rule'" or only "appl[ied] a settled rule" to new facts. Chaidez v. United States, 568 U.S. 342, 347 (2013). "A rule is new unless it was 'dictated by precedent existing at the time the defendant's conviction became final,'" that is, "already 'apparent to all reasonable jurists.'" Edwards, 593 U.S. at 265 (first quoting Teague v. Lane, 489 U.S. 288, 301 (1989); and then quoting Lambrix v. Singletary, 520 U.S. 518, 528 (1997)). A decision "does not 'announce a new rule when it is merely an application of the principle that governed' a prior decision to a different set of facts." Shea v. United States, 976 F.3d 63, 71 (1st Cir. 2020) (emphasis omitted) (quoting Chaidez, 568 U.S. at 347-48). If the new decision applied a settled rule, a defendant may invoke the decision on collateral review. See id.

If the decision instead announced a new rule, the court must then assess whether that rule is substantive or procedural. See Edwards, 593 U.S. at 276. "New substantive rules alter 'the range of conduct or the class of persons that the law punishes,'" while "[n]ew procedural rules alter 'only the manner of determining the defendant's culpability.'" Id. (quoting Schriro v. Summerlin, 542

3

U.S. 348, 353 (2004)). Only substantive rules apply retroactively on collateral review. See id.

There is no question that Erlinger's rule is procedural. See Schriro, 542 U.S. at 353 (explaining that "[r]ules that allocate decisionmaking authority" between the jury and the judge "are prototypical procedural rules"). So Charles may not secure relief under § 2255 based on Erlinger's holding if Erlinger announced a new rule.

The Court concludes that Erlinger did announce a new rule. It is true that before Charles's conviction became final in 2017, the Supreme Court had held in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 570 U.S. 99 (2013), that a jury must find any fact that increases a defendant's statutory maximum or minimum penalty. See Erlinger, 602 U.S. at 833 (describing Apprendi and Alleyne). And the Supreme Court in Erlinger did describe the issue it was facing "as nearly on all fours with Apprendi and Alleyne as any [it] might imagine." Id. at 835.

Yet the rule in Erlinger was neither dictated by existing precedent nor apparent to all reasonable jurists. That is because the Supreme Court in Almendarez-Torres v. United States had recognized an exception to the general rule requiring a jury to find facts that increase a statutory penalty that allows a judge to make certain determinations related to prior convictions. See

4

523 U.S. 224, 239-40 (1998); see also Alleyne, 570 U.S. at 111 n.1 (calling Almendarez-Torres "a narrow exception to th[e] general rule"). In reliance on Almendarez-Torres, all twelve regional circuit courts, including the First Circuit, had held "that judges may make the different-occasions determination" under the ACCA. Erlinger, 602 U.S. at 856 (Kavanaugh, J., dissenting) (collecting cases). Thus, while the majority in Erlinger read Almendarez-Torres's exception narrowly to not encompass the fact-based separate-occasions inquiry under the ACCA, see id. at 838-39, Erlinger's rule was not dictated by existing Supreme Court precedent. Nor was Erlinger simply an application of a settled rule to new facts. The Supreme Court had to resolve the open and reasonably debatable issue of whether, given Almendarez-Torres, the rule established in Apprendi and Alleyne applied at all to the separate-occasions inquiry under the ACCA. See Chaidez, 568 U.S. at 349-54 (determining that a prior decision announced a new rule where it "answered a question about the Sixth Amendment's reach that [the Supreme Court] had left open, in a way that altered the law of most jurisdictions").

Because Erlinger announced a new procedural rule, it does not apply retroactively on collateral review, and Charles cannot rely on Erlinger to vacate his sentence under § 2255. See Edwards, 593 U.S. at 276. In holding that Erlinger is not retroactive, this Court agrees with the many district courts that have reached the

5

same conclusion. See, e.g., Moore v. United States, No. 22-cv-1415, 2025 WL 3214360, at *3-4 (M.D. Fla. Nov. 18, 2025); Jackson v. United States, No. 25-cv-1021, 2025 WL 2771525, at *4 (W.D. Mich. Sep. 26, 2025); Ramey v. United States, No. 22-cv-00378, 2025 WL 2723414, at *4 (M.D. Tenn. Sep. 24, 2025); United States v. Pettis, No. 15-cr-0233, 2025 WL 2194410, at *2 (D. Minn. Aug. 1, 2025); Cuyler v. United States, No. CR 120-036, 2025 WL 1136295, at *6-7 (S.D. Ga. Mar. 21, 2025); United States v. Hansford, No. 20-cr-57, 2025 WL 90240, at *3 (N.D. Ind. Jan. 14, 2025); United States v. Abney, No. 18-cr-133, 2024 WL 5055827, at *3 (E.D. Ky. Dec. 10, 2024); cf. Erlinger, 602 U.S. at 859 n.3 (Kavanaugh, J., dissenting) ("For any case that is already final, the Teague rule will presumably bar the defendant from raising today's new rule in collateral proceedings.").

Moreover, Charles's motion is untimely because Erlinger does not apply retroactively on collateral review. A defendant generally must file any § 2255 motion within one year of the date his conviction becomes final. See 28 U.S.C. § 2255(f)(1); Shea, 976 F.3d at 68. Charles's conviction became final in August 2017, so the one-year limitations period expired in August 2018, years before he filed this motion in February 2025. Under 28 U.S.C. § 2255(f)(3), this one-year limitations period "restarts . . . on 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

6

Supreme Court and made retroactively applicable to cases on collateral review.'" Shea, 976 F.3d at 68 (quoting 28 U.S.C. § 2255(f)(3)). Although Charles filed his motion within one year of the Erlinger decision, Erlinger did not restart the limitations period because the right it newly recognized is not retroactive.[1]

Accordingly, Charles's motion to vacate under 28 U.S.C. § 2255 (Dkt. 133) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

---

[1] The Court notes that if Erlinger merely applied a settled rule rather than announced a new rule, Charles's motion would still be untimely. As noted, Charles's motion was not filed within one year of the date his conviction became final. And Erlinger would not have triggered a new one-year limitations period because it would not have "newly recognized" the right Charles asserts. 28 U.S.C. 2255(f)(3).

7